**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21609

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **BOB TUKIN, individually, and on behalf of all others similarly situated,**<br><br>PLAINTIFF,<br><br>v.<br><br>**RESURGENT CAPITAL SERVICES, L.P.,**<br><br>DEFENDANT. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |



Plaintiff Bob Tukin, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Resurgent Capital Services, LP as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## THE FDCPA

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. Such collection practices include, *inter alia*, sending consumers written communication in an attempt to collect debts, which overshadow consumers' rights to validate, and

1

dispute, such debts.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5. The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

6. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

7. When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

8. "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over Defendant, Resurgent Capital Services, L.P. because it regularly conducts and transacts business in this State, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District and Plaintiff is located within this District.

## PARTIES

12. Plaintiff, Bob Tukin ("Plaintiff") is a natural person and was residing within the County of St. Louis, State of Missouri, at all times relevant herein.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant, Resurgent Capital Services, L.P. ("RCS" or "Defendant") is a limited partnership company with a principal place of business located at 55 Beattie Pl #110, Greenville, South Carolina and engages in the business of debt collection in this District.

15. RCS has transacted business within this state as is more fully set forth hereinafter

3

in this Complaint.

16. RCS regularly collects or attempts to collect debts asserted to be owed to others.

17. RCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of RCS's businesses is the collection of such debts.

19. RCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. RCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall means all Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. All of RCS's collection actions at issue occurred within one year of the date of this Complaint.

23. Sometime prior to May 19, 2021, Plaintiff disputed an alleged debt allegedly owed to LVNV Funding, LLC, in the amount of $1,496.61, original account number XXXXXXXXXXXX0156 (the "Debt").

24. Sometime after May 19, 2021, Plaintiff received and reviewed a letter, dated May 19, 2021, from Resurgent Capital Services, L.P. (the "Letter") (A true and correct copy of the Letter is attached hereto as **"Exhibit 1"**).

25. As indicated below, the top of the Letter provides, among other things, the "Balance" allegedly owed on the Debt.

```
Account Number: *************0156
Original Creditor: General Electric Capital Corporation
Current Owner: LVNV Funding LLC
Reference ID: 359024402
Balance: $1,496.61
Accountholder Name: Bob Tukin
```

26. The Letter states, in relevant part, "Resurgent Capital Services, L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Unifin Inc., the current servicer of this account.

27. Upon information and belief, the Debt was placed with Unifin Inc., a third-party debt collector., on or around the time of the Letter.

28. Upon information and belief, Unifin Inc. is not a servicer for LVNV Funding LLC or RCS, rather a third-party debt collector.

29. The Letter goes on to state, "Please read the following important notices as they may affect your rights."

30. Immediately underneath the foregoing statement, the Letter states, "*Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification…*"

31. After reading the foregoing the unsophisticated consumer would likely be confused.

32. After reading the foregoing, Plaintiff became confused as to whether his dispute

was being processed.

33. After reading the foregoing, Plaintiff became confused as to whether he needed to dispute the Debt again.

34. Plaintiff became confused as to his rights to dispute the Debt.

35. In addition to indicating a "Balance" due, the Letter was intended to provide false, misleading, and/or deceptive information, which was intended to dupe a consumer into believing that RCS was attempting to collect the debt, instead of providing validation of the debt after the consumer's dispute.

36. Also, the Letter states, "***This is an attempt to collect a debt** and any information obtained will be used for that purpose. This communication is from a debt collector.*" *Emphasis added.*

37. At the bottom of the Letter it states "Customer Portal" and immediately underneath there is a web address of "Portal.Resurgent.com", which automatically redirects to resurgent.com (the "RCS Website").

38. The RCS Website is a medium of communication used by RCS in an attempt to collect debts from consumers.

39. In fact, among other things, the RCS Website has bright green buttons that state, "Make a Payment," "Pay Your Debt In Full," and "Set Up a Payment Plan."

40. After reading the foregoing, Plaintiff became confused as to whether RCS was going to provide Plaintiff with validation of the Debt or merely further attempting to collect the Debt.

41. Upon information and belief, RCS utilizes third party vendors to perform activities on its behalf, including, but not limited to, using third-party letter vendors to send letters to

6

consumers on its behalf.

42. In its efforts to collect the Debt, RCS decided to utilize third-party vendors, including, but not limited to, using third-party letter vendors to send letters to consumers on its behalf.

43. Rather than preparing and mailing the Letter to Plaintiff on its own, RCS decided to utilize a third-party vendor to perform such activities on its behalf.

44. As part of its utilization of the third-party vendor, RCS conveyed information regarding the Debt to the third-party vendor.

45. The information conveyed by RCS to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned a defaulted debt of Plaintiff.

46. In fact, RCS also conveyed it was a debt collector and was attempting to collect a debt from Plaintiff.

47. RCS' conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

48. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at RCS's direction.

49. The Letter, which conveyed information concerning the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

50. The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…" See 15 U.S.C. § 1692c(b).

51. In the relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." See 15 U.S.C. § 1692c(b).

52. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

53. Plaintiff did not provide prior consent to RCS to the sharing of Plaintiff's information with third parties.

54. Plaintiff did not provide his prior consent to the sharing of his information with the third-party letter vendor RCS chose to convey information to regarding the Debt as part of its collection efforts.

55. Plaintiff did not provide prior consent to the sharing of his information with any third-party.

56. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

57. Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

58. The foregoing conduct of Defendant violates the FDCPA, entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

**FIRST COUNT**
**Violation of §§ 1692c(b) & 1692f of the FDCPA**

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

60. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

61. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

62. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the Debt.

63. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

64. Plaintiff never consented to Defendant's communication with anyone concerning the Debt or concerning Plaintiff's personal and/or confidential information.

65. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

66. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

67. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

68. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

69. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about

Plaintiff's Debt to the third-party vendor.

70. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

71. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

72. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendors.

73. Defendant violated 15 U.S.C. § 1692c(b) when they disclosed information about Plaintiff's Debt to the third-party vendor.

74. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is therefore liable to Plaintiff.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

75. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

76. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

77. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. The Letter states, in the relevant part, "Resurgent Capital Services, L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Unifin Inc., the current servicer of this account.

79. Upon information and belief, the Debt was placed with Unifin Inc., a third-party debt collector, on or around the time of the Letter.

80. Upon information and belief, Unifin Inc. is not a servicer for LVNV Funding LLC or RCS, rather a third-party debt collector, rending RCS statement false, misleading, and/or deceptive.

81. The Letter goes on to state, "Please read the following important notices as they may affect your rights."

82. Immediately underneath the foregoing statement, the Letter states, "*Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification...*"

83. The foregoing statement would confuse, mislead, and/or deceive the unsophisticated consumer about their rights to dispute the debt.

84. The foregoing statement would confuse, mislead, and/or deceive the unsophisticated consumer into believing that they needed to dispute again in order to receive validation of debt.

85. The foregoing contradicts RCS statement that "…[RCS] initiated a review of the [dispute] recently received…", creating more than one meaning, rendering such false, misleading, and/or deceptive.

86. In addition to indicating a "Balance" due, the Letter provides false, misleading, and/or deceptive information, which was intended to dupe a consumer into believing that RCS was attempting to collect the debt, instead of providing validation of the debt after the consumer's dispute.

87. Also, the Letter states, "***This is an attempt to collect a debt*** *and any information obtained will be used for that purpose. This communication is from a debt collector.*" *Emphasis added.*

88. At the bottom of the Letter it states, "Customer Portal" and immediately underneath there is a web address of "Portal.Resurgent.com", which automatically redirects to resurgent.com (the "RCS Website").

89. The RCS Website is a medium of communication used by RCS in an attempt to collect debts from consumers.

90. In fact, among other things, the RCS Website has bright green buttons that state, "Make a Payment", "Pay Your Debt In Full", and "Set Up a Payment Plan".

91. Defendant's statements, the Letter, and the RCS Website created a false, misleading, and/or deceptive communication.

92. Defendant's intentional or negligent conduct of confusing Plaintiff about Plaintiff's rights and providing false, misleading, and/or deceptive communication caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing loss of time, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

93. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

94. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Missouri.

95. Plaintiff seeks to certify two classes of:

   i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or

after a date one year prior to the filing of this action to the present.

ii. All consumers where Defendant sent a letter similar to the Letter sent to Plaintiff after receiving a dispute from a consumer, which letter was sent on or after a date one year prior to the filing of this action to the present.

96. This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

97. The Class consists of more than thirty-five persons.

98. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

99. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

100. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

101. Plaintiff demands a trial by jury on all Counts so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

   a. Finding Defendant's actions violate the FDCPA; and

   b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

   c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

   d Awarding the costs of this action to Plaintiff; and

   e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   f. Such other and further relief that the Court determines is just and proper.

DATED: January 21, 2022

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21609
*Attorneys for Plaintiff*